IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KANDANCE WELLS,**

    **Plaintiff,**

vs.                                 **CIVIL ACTION NO. 2:22-CV-00040**

**CITY OF CHARLESTON,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5) Having examined the Complaint[1] (ECF No. 2), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

### Plaintiff's Allegations

Plaintiff names only the "City of Charleston" as Defendant in this action, and provides an address of 501 Virginia Street E, Charleston, West Virginia, 25311.[3]

---

[1] On January 24, 2022, Plaintiff filed her initial Complaint (ECF No. 2), however, after review of same, on January 26, 2022, the undersigned issued an order directing Plaintiff to amend her Complaint no later than February 25, 2022, because she failed to state sufficient facts supporting a claim for relief. (ECF No. 6) Plaintiff did not respond or file an amended complaint.

[2] Because Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

[3] Despite the possibility that Plaintiff provided an incorrect zip code, a brief internet search reveals numerous City offices and officials use this address, however, there is no indication throughout Plaintiff's Complaint as to which

Plaintiff indicates the basis for federal court jurisdiction is based upon a federal question, citing 28 U.S.C. §1331, but further indicates that her Complaint is also based on diversity jurisdiction (ECF No. 2 at 4; ECF No. 2-3)[4], although Plaintiff lists her own address in Charleston, West Virginia.

Plaintiff's statement of claim is presumably based on three grounds and is restated here *verbatim*:

(1) Use of racial slurs/discriminatory actions/torts used in public housing/violations of HUD requirements/regulation
(2) Police conduct/discrimination/unlawful use of civil departments
(3) Violations in public relation/media relations (may be in diversification)

(ECF No. 2 at 4) Plaintiff asks for $15,000,000,000.00 in punitive damages "based on damages claimed by plaintiff and to deter <u>further</u> action on behalf of defendant." (Id.) (<u>emphasis</u> in original)

### The Standard of Review

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, her Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See <u>Randolph v. Baltimore City States Atty.</u>, 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, <u>Randolph v. New Technology</u>, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."

---

particular entity is involved in or the subject of her allegations. See https://www.charlestonwv.gov/government/city-departments

[4] For example, Plaintiff has alleged a "[t]hreat to personal safety and in diversification based on the grounds for claim". (ECF No. 2 at 4)

Id. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

**Discussion**

As noted *supra*, in keeping with his practice to offer a *pro se* plaintiff an opportunity to file an amended complaint when an initial complaint fails to state any cognizable claim for relief, the undersigned directed Plaintiff to file an amended complaint, but she failed to do so. However, despite having been given a chance to amend her Complaint, Plaintiff nevertheless failed to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

    (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

3

>  (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's Complaint is not in compliance with Rule 8(a) for failing to allege sufficient facts and circumstances showing that she is entitled to relief. Liberally construing Plaintiff's Complaint indicates that she is aggrieved by many things, but she provides no context as to who, what, when or how the City of Charleston committed the alleged misconduct.

Plaintiff only provides "naked assertion[s]" for her claims which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.

In short, from the undersigned's review, Plaintiff's allegations are "disconnected, rambling, and largely incoherent." See Kraim v. Virginia, No. 3:21-cv-00326, 2021 WL 3612305, at *2 (S.D.W. Va. Jul. 26, 2021) (Eifert, M.J.) (quoting Von Fox v. U.S. State Department, No. 2:16-cv-185-RMG-MGB, 2016 WL 11409536, at *4 (D.S.C. Feb. 16, 2016) ("The Complaint's allegations are, at best, difficult to follow. The Complaint's allegations are disconnected and nonsensical and appear to be the ramblings of a troubled mind."). Since Plaintiff's Complaint lacks any basis in fact and law, the undersigned finds and concludes that this matter should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's

Application to Proceed *in Forma Pauperis* (ECF No. 1), **DISMISS** Plaintiff's Complaint (ECF No. 2) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: March 7, 2022.



Omar J. Aboulhosn
United States Magistrate Judge